

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 2, 2021

**BY ECF AND EMAIL**
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charles Evans*, 20 Cr. 380 (PAC)

Dear Judge Crotty:

    The Government respectfully submits this letter in advance of the sentencing of defendant Charles Evans ("Evans" or the "defendant"), which is scheduled to take place on September 8, 2021 at 12:00 p.m., for his offense in this case: being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g), 924(a)(2), and 2.  The Government respectfully submits that a sentence within the Sentencing Guidelines range of 70 to 87 months' imprisonment, would be a fair and appropriate sentence for this defendant, who possessed a loaded firearm on the streets of the Bronx while on parole and following felony convictions for which he served five years' imprisonment.  As discussed below, such a sentence is necessary to reflect the seriousness of the offense conduct and to provide just punishment; to deter the defendant and others from committing similar offenses; to protect the public from further crimes by the defendant; and to promote respect for the law.

**A.**    **Background**

    **1.**    **The Offense Conduct**

    On February 7, 2020, at approximately 10:45 p.m. in the vicinity of Morris Avenue and 168th Street in Bronx County, New York, three New York City Police Department ("NYPD") officers and one NYPD sergeant were on patrol when one of the officers noticed an individual later identified as Evans bend toward the ground behind parked vehicles and garbage bags. (Presentence Investigation Report "PSR" at ¶ 8-10).  Two of the officers exited the patrol vehicle and approached the location where Evans had bent down toward the ground, where they located a firearm.  (PSR ¶ 11).  Officers then pursued Evans on foot and eventually apprehended him in the vicinity of Grant Avenue near 167th Street.  (PSR ¶ 12).  The recovered firearm was a Taurus model PT709 .9mm caliber semi-automatic pistol.  The firearm was loaded with 7 Luger .9mm cartridges and 1 Taurus magazine.  (PSR ¶ 13).  An analysis conducted by the Bureau of Alcohol,

Tobacco, Firearms, and Explosives ("ATF") concluded that the recovered firearm was not manufactured in New York.

### 2. The Defendant's Plea and Guidelines Range

The defendant pleaded guilty to being a felon in possession of a firearm pursuant to a plea agreement on May 24, 2021. The parties stipulated that the defendant's Total Offense Level is 21 and that his Criminal History Category is V. Accordingly, the defendant's Sentencing Guidelines range is 70 to 87 months' imprisonment.

## B. Discussion

For the reasons that follow, the Government respectfully submits that a Guidelines sentence of 70 to 87 months' imprisonment is appropriate in this case to reflect the seriousness of the defendant's conduct, deter similar conduct in the future, protect the public from yet additional crimes committed by this defendant, and adequately address the harm the defendant caused to others.

### 1. Applicable Law

The Guidelines are no longer mandatory, but they still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines range is thus "the lodestar" that "'anchor[s]'" the district court's discretion. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016) (quoting *Peugh v. United States*, 133 S. Ct. 2072, 2087 (2013)).

After making the initial Guidelines calculation, a sentencing judge must consider the factors outlined in Title 18, United States Code, Section 3553(a), and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing: "a) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for that offense; b) the need to afford adequate deterrence to criminal conduct; c) the need to protect the public from further crimes by the defendant; and d) the need for rehabilitation." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (citing 18 U.S.C. § 3553(a)(2)).

### 2. A Guidelines Sentence Is Fair and Appropriate in this Case

The defendant's possession of a loaded firearm on the streets of New York City after having been convicted of multiple felony offenses warrants a Guidelines sentence. The § 3553(a) factors particularly applicable here include the need for the sentence to reflect the nature of the defendant's conduct and to provide just punishment; the need to deter the defendant and others from committing similar offenses; and promoting respect for the law. Each of these considerations weighs heavily in favor of a Guidelines sentence of incarceration.

First, a Guidelines sentence reflects the nature of the defendant's conduct, provides just punishment, and will promote respect for the law. The defendant committed a serious crime: He

possessed a loaded firearm during the late evening hours on a commercial street in the Bronx. Simply possessing the firearm was a dangerous act, but doing so brazenly on a commercial street while on parole and after having committed other serious felony offenses makes what this defendant did even more serious. Based on a review of the surveillance footage of the incident, it appears that the defendant may have noticed the unmarked police car that was riding beside him on the street. Upon noticing the vehicle, the defendant appears to reach into his waistband, grab the firearm, check the cartridge, and then place the firearm on the ground behind a row of vehicles and garbage bags. The defendant's active attempt to deceive law enforcement and conceal his criminal conduct is deeply troubling and in combination with the defendant having possessed this loaded firearm after having been convicted of felony offenses on multiple occasions it warrants a significant sentence of incarceration.

Second, a Guidelines sentence will deter the defendant and others from committing similar offenses. This is not a simple gun possession case. This defendant has already been convicted of Robbery in the First Degree (for which he was sentenced to 5 years' imprisonment), Attempted Hate Crime/Assault with Intent to Cause Injury with a Weapon (for which he was sentenced to 3 years' imprisonment), and Coercion: Cause Fear to Injure a Person or Damage Property (for which he was sentenced to 1 year of imprisonment). The defendant has demonstrated a pattern of violent and aggressive behavior, and the fact that he has escalated to possession of a loaded firearm on a commercial street is concerning. Of even greater concern, however, is the fact that this defendant committed this offense *while he was on state parole*. Not only was the defendant prohibited from possession a weapon by virtue of his prior felony convictions, but he was also undoubtedly banned from doing so as a New York State parolee. His blatant disregard for both the law and the Court's rules must be met with serious punishment. It is clear that the defendant's previous sentences for five years, three years, and one year did not deter future criminal conduct. A significant sentence of more than five years—indeed a sentence within the Guidelines Range—is appropriate and necessary. Such punishment is necessary both to deter this defendant and to serve as a general deterrence, especially at a time when gun violence and violence more broadly is of major concern in the New York City metropolitan area.

The defendant's crime was serious and it should be met with a significant sentence, one within the Sentencing Guidelines Range of 70 to87 months' imprisonment. Such a sentence is appropriate to meet the ends of sentencing and it is sufficient but no greater than necessary in this case.

**C.      Conclusion**

   For the reasons set forth above, a Guidelines sentence of 70 to 87 months' imprisonment would be sufficient but no greater than necessary in this case.

                  Respectfully submitted,

                  AUDREY STRAUSS
                  United States Attorney

          By:

                  /s/Bandon D. Harper
                  Brandon D. Harper
                  Assistant United States Attorney
                  (212) 637-2209

cc:      Robert Walters, Esq. (by ECF and email)